**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4787**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARCUS TERRELL BURNEY,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:12-cr-00068-D-1)

Submitted:  September 17, 2015        Decided:  October 1, 2015

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

EJ Hurst II, Durham, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Terrell Burney appeals his 96-month sentence for possession with intent to distribute cocaine base (crack), cocaine, and a quantity of hydrocodone combination product, in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, he raises four issues, whether: (1) his right to due process was violated by interviews and testimony obtained after a continuance motion resulting in a prejudicial misjoinder of charges; (2) his sentence was procedurally unreasonable because of drug weight established by the testimony of a cooperating witness; (3) his sentence was procedurally unreasonable because an outdated conviction was used to enhance his criminal history; and (4) his sentencing violated due process because his sentence was based on acquitted and uncharged conduct found by a preponderance of the evidence. For the reasons that follow, we affirm.

First, we normally review due process and misjoinder claims de novo, see United States v. Shealey, 641 F.3d 627, 633 (4th Cir. 2011) (providing review standard for due process claims); see also United States v. Hawkins, 776 F.3d 200, 206 (4th Cir. 2015) (providing review standard for misjoinder claims); however, Burney admits these claims are raised for the first time on appeal, and we thus review them for plain error. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005) (providing plain error review standard). Our review of the record and the

2

parties' arguments reveals no plain error by the district court. Id.

Next, Burney contests the drug weight attributed to him for purposes of sentencing. More specifically, he alleges that the cooperating witness' testimony was insufficient to attribute 3.2 grams of crack to him and that the district court erred by using 11.7 grams of drug weight, due to packaging, rather than the 9.35 grams of the drugs alone. We review criminal sentences for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Rivera-Santana, 668 F.3d 95, 100 (4th Cir. 2012). The first step requires this court to ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range. Gall, 552 U.S. at 51; United States v. Carter, 564 F.3d 325, 328-29 (4th Cir. 2009).

The second step is substantive reasonableness review, but Burney alleges only procedural error on appeal — here, the incorrect calculation of the quantity of drugs attributable to him. We review this claim for clear error, United States v.

3

Randall, 171 F.3d 195, 210 (4th Cir. 1999), and find none in the district court's finding of 3.2 grams of crack attributable to Burney based on the cooperating witness' testimony. (J.A. 237-241). Moreover, Burney admits on appeal that whether the district court incorrectly counted his drug packaging weight would not alter his offense level and thus any error would be harmless.

Third, Burney contends that the district court incorrectly counted one of his prior sentences, which he asserts was completed more than ten years before the instant offense commenced, in violation of U.S. Sentencing Guidelines Manual § 4A1.2(e)(2) (2013). Burney concedes we review this issue only for plain error, however, and we find none. White, 405 F.3d at 215.

Finally, Burney objects to the fact that he was sentenced based on acquitted conduct. We have held, however, that courts may "consider acquitted conduct in establishing drug amounts for the purpose of sentencing, so long as the amounts are established by a preponderance of the evidence." United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009); see also United States v. Watts, 519 U.S. 148, 157 (1997) (holding that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of

4

the evidence"). The district court found the necessary facts for Burney's drug weight and other sentencing factors by a preponderance of the evidence. <u>Perry</u>, 560 F.3d at 258. Thus, this claim fails.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>